UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CAMERON E. WALLACE,**

    **Plaintiff,**

**v.**                                                         **Case No. 8:05-cv-115-T-TBM**

**DM CUSTOMS, INC., et al.,**[1]

    **Defendant.**

                                                     /

**O R D E R**

THIS MATTER is before the court on **Defendants' Motion in Limine Regarding Pinellas County Office of Human Rights' Determination and File Documents** (Doc. 66), **Defendants' Motion in Limine Regarding Rule 26 Disclosures** (Doc. 67), and Plaintiff's respective responses (Docs. 72 & 73).

As for the **Defendants' Motion in Limine Regarding Pinellas County Office of Human Rights' Determination and File Documents** (Doc. 66), Defendants request the court to exercise its discretion and preclude Plaintiff from introducing at trial the letter of determination issued on or about July 23, 2003, by the Pinellas County Office of Human Rights upon Plaintiff's charge of discrimination. By their argument, the letter lacks probative value and will unduly mislead and prejudice the Defendants. Plaintiff urges that the letter and

---

[1]This action was initially brought against DM Customs, Inc., and William S. Boozer. Truck Depot of Holiday, Inc., and Truck Depot of Clearwater, Inc., were joined as party defendants in May and July 2006, respectively.

investigation are highly probative and admissible.  Upon consideration, a ruling on this motion (Doc. 66) is **DEFERRED** pending further development of the arguments at trial.

Regarding **Defendants' Motion in Limine Regarding Rule 26 Disclosures** (Doc. 67), Defendants complain that the Plaintiff's Rule 26 disclosure on May 13, 2005, and an amended disclosure on August 30, 2006, failed to identify fifteen exhibits and two witnesses that the Plaintiff listed in the Pre-Trial Statement.  The Defendants argue that they would be unfairly prejudiced if the court allows the introduction of any of these exhibits or allows the testimony of the two witnesses.  Plaintiff counters that the Defendants were alerted to the fifteen exhibits and the two witnesses listed in the Pre-Trial Statement through the motion practice in this cause or by reason of the Defendants' participation in discovery.

Here, it appears that the exhibits complained of were all disclosed by the parties during discovery or during motion practice before the court and the custodial witnesses were at least implicitly disclosed.  Thus, Defendants make no good showing of surprise, and more significantly, no showing of undue prejudice should the exhibits be introduced at trial, presuming such is otherwise admissible.  Accordingly, **Defendants' Motion in Limine Regarding Rule 26 Disclosures** (Doc. 67) is **DENIED**.

**Done and Ordered** in Tampa, Florida, this 21st day of February 2007.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record